```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

VONSHEA C. BUTLER           *

        Plaintiff    *

        vs.          *   CIVIL ACTION NO. MJG-11-2854

MARYLAND AVIATION ADMINISTRATION*

        Defendant    *

*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion for Summary Judgment [ECF No. 82] to which no timely opposition has been filed.

Recognizing the Plaintiff as a _pro se_ litigant, this Court has reviewed the record liberally to try to find any genuine issue of material fact that would prevent summary judgment for Defendant.  The Court finds none whatsoever.

## I. BACKGROUND[1]

Plaintiff Vonshea Butler ("Butler") was employed by Defendant Maryland Aviation Administration (the "MAA") from July 2006 until October 6, 2010.  In the Complaint [ECF No. 1], Plaintiff alleged she was sexually harassed, at different times, by two different supervisors, both of whom had their employment

---

[1] For a discussion of the "facts" as alleged by Plaintiff, see the Memorandum and Order Re: Motion to Dismiss [ECF No. 39].

terminated following Butler's filing of sexual harassment complaints.  Moreover, Butler alleged, she was subjected to a hostile work environment and terminated in retaliation for her having complained of the sexual harassment.  However, the record is devoid of any <u>evidence</u> contradicting the facts as set forth in the MAA's Memorandum in Support of Defendant's Motion for Summary Judgment [ECF No. 82-2].

By the instant motion, MAA seeks summary judgment.

II.   <u>SUMMARY JUDGMENT STANDARD</u>

A motion for summary judgment will be granted if the pleadings and supporting documents "show[] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

In evaluating any motion for summary judgment, the Court must bear in mind that "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

In order to defeat a motion for summary judgment, "the party opposing the motion must present <u>evidence</u> of specific

facts from which the finder of fact could reasonably find for him or her." Mackey v. Shalala, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).

III.  DISCUSSION

The MAA has submitted its 84-page Memorandum In Support of Defendant's Motion for Summary Judgment [ECF No. 82-2], presenting contentions supported by evidence that — if uncontradicted — would require the Court to grant it summary judgment.  Butler has submitted nothing in response.  Nor does the Court find, in the record, evidence sufficient to establish a genuine issue of material fact that would prevent summary judgment for the MAA.

The Court will not engage in the academic exercise of discussing the details of the MAA's memorandum.  It suffices to state that — absent any response by Butler — the MAA's memorandum and evidence entitle the MAA to summary judgment.

The Court will, however, provide Butler, as a pro se plaintiff, a further chance to respond adequately to the MAA motion before entering judgment against her.  Thus, if Butler should, pursuant to the Order herein, file a response that identifies which part or parts of the MAA's memorandum she disputes and presents evidence supporting her position, the

3

Court will — after affording the MAA a chance to reply — address the issues presented.

IV. CONCLUSION

For the foregoing reasons:

1. Defendant's Motion for Summary Judgment [ECF No. 82] is GRANTED.

2. The Court shall reconsider this action if, by October 15, 2015, Plaintiff shall file a response to the said motion that identifies which part or parts of the MAA's memorandum she disputes and presents evidence supporting her position.

3. Should Plaintiff fail to file a timely and adequate response, the Court shall enter judgment for Defendant.

SO ORDERED, on Tuesday, September 8, 2015.

```
                          _____/s/_____
                            Marvin J. Garbis
                       United States District Judge
```